# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IVORY L. CONROD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.             ) | No. 4:21-CV-908-AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the United States of America's Motion to Dismiss Petitioner's Improperly Filed § 2255 Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 2. Self-represented petitioner Ivory L. Conrod has not filed a response to the motion, and the time for doing so has passed. For the following reasons, the Court will grant the government's motion and dismiss this case.

## Background

On January 26, 2016, Mr. Conrod pled guilty to the lesser included offense of conspiracy to distribute over 5 grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *U.S. v. Conrod*, Case No. 4:15-CR-114-AGF-4. On May 13, 2016, he was sentenced to 96 months' imprisonment. This sentence was ordered to run concurrent with two of his previous state court criminal sentences, *State v. Conrod*, Case No. 11SL-CR01239-01 (21st Jud. Cir., St. Louis Cty.) and *State v. Conrod*, Case No. 15SF-CR00295 (24th Jud. Cir., St. Francois Cty.).

On September 4, 2018, Mr. Conrod submitted a letter to this Court, which was filed in his underlying federal criminal case, requesting credit for the time he served in custody between March 2015 and May 2016 in the Missouri Department of Corrections. *See U.S. v. Conrod*, Case

No. 4:15-CR-114-AGF-4, at ECF No. 547. The United States Probation Office ("USPO") responded, stating that he was awarded the proper jail-time credit by the Bureau of Prisons ("BOP"). *Id.*, at ECF No. 548. Mr. Conrod filed a second letter repeating his request, and the USPO again responded with the same information. *Id.*, at ECF Nos. 575, 576.

On May 4, 2020, Mr. Conrod filed a petition in this Court for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Conrod v. Baltazar*, Case No. 4:20-CV-609-SRC. At the time he filed his petition, Mr. Conrod was an inmate at Texarkana Federal Correctional Institution ("FCI") in Texarkana, Texas. The petition solely asserted that the BOP failed to properly credit him for the time he served in custody between March 2015 and May 2016.

On May 18, 2020, the Honorable Stephen R. Clark reviewed his petition for writ of habeas corpus and determined this Court did not have jurisdiction because Mr. Conrod was not confined within the Eastern District of Missouri, and his custodian was not present in this district. *See id.*, at ECF No. 3 (citing *McCoy v. United States Board of Parole*, 537 F.2d 962, 964 (8th Cir. 1976)). As a result, his petition was transferred to the United States District Court for the Eastern District of Texas. *Id.* As of the date of this Memorandum and Order, Mr. Conrod's § 2241 petition is still pending. *See Conrod v. Baltazar*, Case No. 5:20-CV-92-RWS-CMC.

On July 22, 2021, Mr. Conrod filed this action on the Court's form motion to vacate, set aside, or correct sentence under § 2255. ECF No. 1. The motion raises one ground for relief:

> Th[e] Bureau of Prisons has failed to properly credit me (Ivory L. Conrod) the time I had spent in St. Francois County Jail – during the legal process concerning the [federal] case S1-4:15CR00114-AGF. Also, that Honorable Judge Audrey Fle[i]ssig – granted me (Ivory Conrod) the time to be credit[ed] to my sentence in open court on my sentencing day.

*Id.* at 3. Within the motion, Mr. Conrod clarifies he is "not trying to appeal [his] sentence" and his motion is limited to a request for "the judge to add this credit time that [he] did not receive to [his] sentence." *Id.* at 11.

## Discussion

In the instant motion to dismiss, the government argues Mr. Conrod's "motion to vacate, set aside or correct a sentence or judg[]ment under § 2255 is not the correct vehicle for the redress [he] seeks." ECF No. 2 at 3. The Court agrees with the government's position and will, therefore, grant the motion and dismiss this action.

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Mr. Conrod does not assert any of the aforementioned grounds for relief, instead, he challenges the BOP's calculation of his jail-time credits. He explicitly asserts that it is not his intention to challenge the sentence.

The Attorney General, through the BOP, has the responsibility of computing a sentencing credit after the defendant has begun serving his sentence. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35 (1992)). "Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing *a habeas corpus petition* under 28 U.S.C. § 2241." *Id.* (emphasis added) (citing *Wilson*, 503 U.S. at 335) (additional citation omitted). *See also United States v Mohr*, 772 F.3d 1143, 1147 (8th Cir. 2014) ("to the extent [petitioner] . . . has not been given credit against his

federal sentence for prior time served, his remedy would be to seek a writ of habeas corpus."); *Vantuyl v. U.S.*, Case No. 16-03039-12-CR-S-MDH, 2019 WL 7945743, at *4 (W.D. Mo. May 14, 2019) (claim concerning the credits for time served is not cognizable in a § 2255 motion to vacate). Thus, Mr. Conrod's instant motion to vacate under § 2255 is not the proper avenue to resolve any dispute regarding his time in custody.

The Court notes that, even if it were to liberally construe the instant motion as a petition for writ of habeas corpus pursuant to § 2241, this Court would lack jurisdiction. Mr. Conrod mailed the instant motion to vacate from the Yazoo City Low Federal Correctional Institution in Yazoo, Mississippi. *See ECF* No. 1-1. The government's instant motion to dismiss asserts that in its independent search of Mr. Conrod's current incarceration status, he has been moved from FCI in the Eastern District of Texas to Yazoo City in the Southern District of Mississippi. ECF No. 2 at 2. Pursuant to § 2241(d), the proper venue for an application for writ of habeas corpus lies in both the district of actual physical confinement and the district where the court can serve process on the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495-99 (1973). Neither applies in the Eastern District of Missouri and, therefore, this district would be an inappropriate venue for his writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss Petitioner's Improperly Filed § 2255 Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNIED STATES DISTRICT JUDGE

Dated this 7th day of September 2021.